

FILED

DEC 21 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-37829-C-7
)
JASBIR SAMRA and )
JATINDER SAMRA, )
)
    Debtors. )
)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

## ON MOTION TO AVOID LIEN

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

### Findings of Fact

On November 8, 2005, debtors filed a motion and notice requesting that this court avoid a judgment lien in the amount of $5,821.18 in favor of Collections Incorporated of San Francisco. A hearing was scheduled for December 13, 2005, to consider the motion. Upon review of the record, the court



decided to submit the matter on the record presented and removed the hearing from calendar.

The debtors' motion claims that the lien "affects after acquired property" of the debtors. Debtors filed their Schedules and Statement of Affairs in this case on October 15, 2005. The Schedules list no interest in real property. Additionally, debtors' Schedule C lists no exemption amount with respect to real property. The court notes that under Federal Rule of Bankruptcy Procedure 1009(a), a voluntary petition, list, or schedule may be amended by the debtors, provided that the debtor give notice of such amendment to the trustee and to any other party affected by the amendment.

Conclusions of Law

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection. 11 U.S.C. § 522(f)(1). Since the debtors' schedules did not list any interest in real property and did not claim any real property as exempt, the lien does not impair any exemption.

Further, a debtor must acquire an interest in property before the judicial lien attaches to be able to avoid the lien under 11 U.S.C. § 522(f)(1). Weeks v. Pederson (In re Pederson), 230 B.R. 158, 164 (9th Cir. BAP 1999). Moreover, post-petition lien attachment on a judgment that is, as a matter of law, voided by the discharge, 11 U.S.C. § 524(a), would be fatal to the lien and would be ineffective in light of

```
 1  the statutory discharge injunction.
 2          Consequently, the debtors may not avoid the lien.
 3          The motion will therefore be denied without
 4  prejudice.   An appropriate order will issue.
 5
 6                  Dated: December 14, 2005
 7
 8                  _____
 9                  UNITED STATES BANKRUPTCY JUDGE
```

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Jasbir & Jatinder Samra
1121 Ironwood Circle
Fairfield, CA 94533

Timothy Walsh
1319 Travis Blvd
Fairfield, CA 94533

Susan K. Smith
7485 Rush River Dr. #710-PMB 218
Sacramento, CA 95831

Collections Incorporated of San Francisco
Kathleen Lopez
1375 Locust St. Ste 201
Walnut Creek, CA 94596

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: December 22, 2005.

_____
Deputy Clerk